RAY B. KEY and EMALEE KEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Key v. Commissioner
Docket No. 12725-78.
United States Tax Court
T.C. Memo 1980-67; 1980 Tax Ct. Memo LEXIS 517; 39 T.C.M. (CCH) 1195; T.C.M. (RIA) 80067; March 10, 1980, Filed *517 Ray B. Key, pro se. Alan J. Pinner, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' income tax for the year 1975 in the amount of $1,459. Concessions having been made, the issues now remaining for decision are as follows: (1) Whether commissions in the amount of $2,395 claimed to have been paid as a business expense are allowable; (2) Whether travel expenses claimed in the amount of $2,485 are allowable; (3) Whether office-in-home expense of $773 is allowable as a business deduction; (4) Whether business use of telephone in the amount of $541 is allowable; (5) Whether samples and gifts claimed as business expenses in the amount of $670 are allowable; and (6) Whether uniforms and "grooming" in the amount of $365 are allowable as a business-related, expense itemized deduction. FINDINGS OF FACT Some of the facts have been stipulated are so found. Petitioners are husband and wife who resided in La Puente, California, at the time the petition herein was filed. They filed their joint individual income tax return for the year 1975 with the Internal *518 Revenue Service Center, Fresno, California. During the taxable year 1975, petitioner husband (hereinafter Ray) was employed as a welder by Sargent-Fletcher Company, and he was also self-employed as a distributor of Shaklee Products. During that year petitioner wife (hereinafter Emalee) was employed as a sales clerk for Sav-On Drugs, Inc.
All of the claimed business expense deductions heretofore noted as remaining in issue were claimed in connection with Ray's self-employment business as a distributor of Shaklee Products. The claimed business-related clothing and "grooming" allowance of $365 was claimed by petitioners in connection with their salaried employments. Shaklee Products produces a large group of consumer items ranging from cosmetics to vitamins and natural foods. As a self-employed distributor Ray promoted and sold this line to consumers and also attempted to recruit additional distributors to work under him so that he would receive a percentage of their commissions. To this end he made trips around the country and held numerous meetings at his home in the evening. In connection with his sales and recruiting efforts, he paid out during the year is issue a total *519 of $7,245 to 12 high-school students to deliver and broadcast circulars, advertising products, and advertising the meetings at his home. Petitioners' son was one of these students and the $4,850 paid to him has been allowed by respondent. The $2,395 paid to the other 11 students was disallowed. Petitioners' income tax return for the year in issue was prepared by Louis Pugliani, a tax return preparer, who retained in his files petitioners' records, original receipts, and other business papers. Publiani's office was burglarized on February 23, 1977, and all of these records, including the steel filing cabinet in which they were kept, were taken and have never been recovered. As a consequence secondary evidence was received at the trial herein. In connection with his salaried employment as a welder, Ray wore heavy boots and other heavy clothing which was not suitable for street wear. In connection with her employment at Sav-On Drugs, Inc., Emalee considered it necessary to have many special hairdos. OPINION All of the issues remaining in contention in the instant case are purely factual and the Court announced at the conclusion of the trial that it would never know more *520 about the case or be in a better position to decide these factual issues than it was at that time and, consequently, its decisions as to each issue were then announced from the bench. The claimed business expense commissions in the amount of $7,245 were allowed in full. Ray's testimony supports this claim absolutely and, in addition, he and his son were able to locate and obtain duplicate receipts from 9 of the 11 students who had received the money in 1975. The remaining two had left the area and were not able to be found. The Court believed that respondent's action in allowing $1,140 of the claimed $3,625 travel expenses was generous and it was not disturbed. The testimony had revealed that many of the claimed business trips were largely personal. Respondent had allowed $237 of the $1,010 claimed for office-in-home, which allowance we considered generous and did not distrub. Respondent allowed only $7 of the $548 claimed as telephone expense. In view of the testimony concerning this item we felt that $100 was a fair amount to allow as a business expense and we have done so. Respondent allowed $720 of the $1,390 which was claimed for samples and gifts. We felt that this *521 allowance was fair and have not disturbed it. Respondent allowed none of the $365 claimed as an itemized deduction for clothing and grooming but, in view of Ray's testimony concerning the hazards of his job as a welder and his description of his special clothing, we have allowed $75. Decision will be entered under Rule 155.